We'll turn to the last case on the calendar today, Arroyo Horn v. New York City Police Department. Yes, good morning, Your Honor. Good morning. I'm Monica Arroyo Horn. All right, you can proceed. Okay. Your Honor, good morning again. You know, I have filed several discrimination cases against the department. This has been going on for several years now, back as far as 2000, which the case was ultimately dismissed because I did not, I failed to submit documentation in a timely manner. However, over the years, I've been with the police department approximately 19 years. My evaluations have been pretty good over the last few years. However, unfortunately, I had to refile it, ask the case to be reopened again because of the ongoing discrimination and retaliation by the department. Your Honor, under the New York City Police Department Patrol Guide, Employment Discrimination 20526E, discriminatory, harassment, intimidation, ridicule, and insults, including, but not limited to, using discourteous, disparaging remarks, disrespectful remarks, is illegal. And unfortunately, for me, I have endured all of the above. And to include with that, recently, in the year 2004, I became a caretaker for my mother, who suffered from Alzheimer's and dementia. And during that time, as the only child, it was my responsibility, of course, to take care of my mom. What I did was, because the job would not accommodate me, I was forced to place my mother in a nursing home, where she was abused. I brought her back home, and she was diagnosed with Alzheimer's since 2004, and I had been taking care of her since 2004, with the exception of placing her into a nursing facility. My point is this. During that time, I made the police department aware of my issues regarding the care for my parent, my only parent, and I was her only child. I feel that the department used that as another aid to continue to harass and retaliate against me. And I say that because they violated the FLMA law. Things that were confidential, they disclosed to my coworkers. Over the years that I've had FLMA for her, and I've always followed the police department guidelines, I submitted the proper documentation from her doctor, and this information was to remain sealed in an envelope and taken over to the New York City Police Department FLMA unit, and only for them to review. Unfortunately, during that time, I had a principal here who was a supervisor, and she took it upon herself to open this envelope and divulge my mother's confidential medical records, in which I witnessed myself, and she began to question it. So what I did, again, was I filed another claim against the department for discrimination under the Disability Act. My mother, unfortunately, December 27th of 2018, she passed away. During that time, I buried her January 4th. But the job, the police department, they were aware of my need to have accommodations. And when I say accommodations, Your Honor, I mean, I know there were times their home aides would not be able to, after I brought my mom home, I know there were going to be times that they would be late coming in, and my scheduled tour to be at work was at 730 in the morning. So if the aides were late, I asked my union to be involved, and they allowed me to fill out the proper documentation for intermittent FLMA, which means that I would have the opportunity to have a grace period to get to work until the aide comes in, because my mother was nonverbal, and she was not able to care for herself at all, so I couldn't leave her at home. I feel that the department took that, and they utilized that as another source to continue to retaliate and harass me, and this entire retaliation harassment all began when I filed my initial complaint against the department for discrimination and retaliation. So with that being said, Your Honor, counsel has been requesting that the court dismiss this case on several occasions, and I'm asking the court to not dismiss this case and to believe that I have followed the law to the best of my ability. I'm not an attorney, although I started my career working for the New York City Law Department and spent a lot of time in the law library on my meal, my lunch, but I'm not an attorney, but I do know when I'm being retaliated against. So I'm asking the court to please take into consideration my documentation, my proof. I have numerous witnesses. I have a numerous amount of documentation proving that the police department used this as a source to retaliate and discriminate against me. And with that being said, they also wouldn't allow me positions that would be more adequate and would give me time to be at work and still care for my mom. All right. Ms. Royal Horn, you're over your time. We have your arguments. We have your papers, of course, which we have and will continue to review. We'll hear from the other side. Mr. Mazza-Brown. May it please the court. I'm Daniel Mazza-Brown, assistant corporation counsel for the appellees. This court should affirm for the simple reason that Ms. Royal Horn has not adequately pled the sole claim that she now raises on appeal, which is a claim alleging retaliation and interference with her rights under the Family Medical Leave Act. The FMLA permits claims only where a plaintiff has shown that she was actually eligible for leave and thus that her rights secured by the act were interfered with or retaliated against. In this case, Ms. Royal Horn has never alleged that she worked the records a number of hours to be eligible at any relevant time period at issue in the complaint. When the district court dismissed on that ground the first time, it offered cogent and clear and correct instructions as to what facts would need to be pled to allege a FMLA claim. And when Ms. Royal Horn did not allege those facts, the district court again offered similar instructions, at which point she then filed a new complaint that raised no such claims. Before this court today, Ms. Royal Horn has discussed, for instance, violations of the patrol guide, which are not federal claims, in which I do note to the extent that they're incorporated under state or local law claims, those have been dismissed without prejudice to be pursued in the appropriate state court forum by the district court. Unless your honors have any questions, we rest on our briefs. Thank you both. The court will reserve decision.